J-S15008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARY L. QUICK | : | |
| | : | |
| Appellant | : | No. 1180 WDA 2024 |

Appeal from the Judgment of Sentence Entered August 28, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000846-2023

BEFORE: OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED: May 21, 2025**

Appellant, Gary L. Quick, appeals from the judgment of sentence entered on August 28, 2024 in the Criminal Division of the Court of Common Pleas of Clearfield County. We affirm.

The trial court summarized the factual and procedural history in this matter as follows.

On August 30, 2023, a criminal complaint was filed against [Appellant]. [Appellant] was charged with [aggravated assault - attempt to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life], 18 Pa.C.S.A. § 2702(a)(1), [first-degree felony]; (2) [aggravated assault – attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency], company or other entity engaged in public transportation, while in the performance

_____

[*] Retired Senior Judge assigned to the Superior Court.

of duty, 18 Pa.C.S.A. § 2702(a)(2), [second-degree felony]; (3) [strangulation – applying pressure to throat or neck], 18 Pa.C.S.A. § 2718(a)(1), [second-degree misdemeanor]; (4) [simple assault], 18 PA.C.S.A. § 2701(a)(1), [second-degree misdemeanor]; (5) [terroristic threats with intent to terrorize another], 18 Pa.C.S.A. § 2706(a)(1), [first-degree misdemeanor]; (6) [disorderly conduct engage in fighting], 18 Pa.C.S.A. § 5503(a)(1), [third-degree misdemeanor]; (7) [intentional possession controlled substance by person not registered], 35 P.S. § 780-113(a)(16), [ungraded misdemeanor]; (8) [criminal trespass/simple trespasser], 18 Pa.C.S.A. § 3503(b.1)(1)(i), [summary offense]; (9) [harassment - subject other to physical contact], 18 Pa.C.S.A. § 2709(a)(1), [summary offense].

The charges originated from an incident that occurred on August 29, 2023. On August 29, 2023, at approximately 7:13 p.m., Pennsylvania State Trooper Eric Neidrick (hereinafter "Trooper Neidrick") was dispatched to [investigate a disturbance at a residence along] Laura Street, Chester Hill Boro, Clearfield County, Pennsylvania[.] Prior to Trooper Neidrick's arrival, [Appellant had been] taken into custody by Corporal Fox[1] and Pennsylvania State Trooper [Cody] Doran. Trooper Neidrick arrived on the scene at 7:24 p.m. and began to interview [Clifford Paul Quick, Jr., hereinafter "Victim," who is the father of Appellant. Victim] stated that [Appellant] hit him in the back of the head and threw him on the ground. [Appellant then choked and struck Victim. Appellant] then jumped in his car and struck [Victim,] causing [Victim] to fall into his own car and break his glasses. According to [Victim], [Appellant] proceeded to attempt to get into [Victim's] house and stated that he was going to kill [Victim].

At 7:58 p.m., Trooper Neidrick interviewed Sharon Ann Askey (hereinafter "Askey"). Askey stated that she walked outside to see what was going on and [Appellant] was shouting at Victim. [Appellant] then went over to [Askey's] house, shouting her name and walked in her door. [Appellant] quickly left and Askey locked her doors. [Appellant] kept walking towards [Askey's] home, but could not get in. Trooper Neidrick observed [Appellant's] vehicle in Victim's driveway, still running. The passenger side mirror was pushed in and there was a blood smear located on the passenger

---

[1] Corporal Fox's first name does not appear in the record.

side door. A bag of marijuana was observed on the passenger floor and a burnt roach was observed near the shifter located near the center console. [Appellant] was transported to Penn Highlands Clearfield for observation. While *en* route to Penn Highlands, [Appellant] spat on [Emergency Medical Technician, EMT, Theresa] Root.

A preliminary hearing was held on September 6, 2023 and all charges were held for court. [Appellant] was appointed counsel on September 15, 2023 and arraigned on September 27, 2023. A pre-trial conference was held on January 18, 2024. Jury selection was scheduled for February 8, 2024 and a jury trial was scheduled for April 11, 2024 and April 12, 2024. [Appellant's] jury trial occurred on April 11, 2024 and April 12, 2024. During the trial, [Appellant] made a motion of acquittal on [Count 2 aggravated assault – attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to enumerated persons] and Count 6 disorderly conduct, which was denied. At the conclusion of the trial, [Appellant] was found guilty of aggravated assault - attempt to cause serious bodily injury, terroristic threats, strangulation, simple assault - causes bodily injury, simple assault - attempts to cause bodily injury, and disorderly conduct. On the charges of aggravated assault - causes serious bodily injury and aggravated assault of an enumerated person, [Appellant] was found not guilty. The court also found [Appellant] guilty of the summary offenses of harassment and criminal trespass/simple trespasser.

[Appellant] was sentenced on June 18, 2024, on the charge of attempted aggravated assault to a period of eight (8) years to sixteen (16) years incarceration in SCI-Smithfield and twelve (12) months consecutive re-entry probation; on the charge of terroristic threats to a period of two (2) to four (4) years incarceration to be served concurrent to the attempted aggravated assault charge; on the strangulation charge to a period of twelve (12) months to two (2) years' incarceration to be served concurrent to the attempted aggravated assault charge; on the strangulation charge to a period of twelve (12) months to two (2) years' incarceration to be served concurrent to the attempted aggravated assault charge; on the charge of simple assault - causes bodily injury to a period of twelve (12) months to two (2) years' incarceration to be served concurrent to the attempted aggravated assault charge; on the charge of simple assault - attempts to cause bodily injury to a period of twelve (12)

months to two (2) years incarceration to be served concurrently to the attempted aggravated assault charge; and on the charge of disorderly conduct one (1) year of probation to be served concurrent to the aggravated assault attempt serious bodily injury charge.

[Appellant] filed a post-sentence motion on June 28, 2024 averring that the simple assault charges should be vacated as they should merge with the attempted aggravated assault charge. Argument on [Appellant's] post-sentence motion was held on August 20, 2024, and with the consent of the Commonwealth, the court vacated the sentence imposed for simple assault. [Appellant] filed a notice of appeal on September 23, 2024. The court subsequently issued an order directing [Appellant] to file a concise statement of errors complained of on appeal on September 24, 2024. The court received [Appellant's concise statement] on October 15, 2024.

Trial Court Opinion, 11/27/24, at 1-4 (cleaned up; footnote added).

Appellant's brief raises two questions for our consideration.

I.    Whether the evidence presented and properly admitted at trial was sufficient to sustain a conviction on the charges of aggravated assault - attempt to cause serious bodily injury.

II.   Whether the trial court erred in [] instructing the jury on the charge of aggravated assault when the verdict slip implied that there were three counts of aggravated assault, when there were only two counts at issue in the case.

Appellant's Brief at 6.

In this case, the court carefully reviewed the pertinent case law together with the testimony and exhibits introduced at trial. Thereafter, the court concluded that "there was sufficient evidence presented with regard to the charge of [a]ggravated [a]ssault, [a]ttempt to [c]ause [s]erious [b]odily [i]njury." Trial Court Opinion, 11/27/24, at 5. With respect to Appellant's second claim, the court explained that the verdict slip addressed one count of

aggravated assault – causes serious bodily injury and one count of aggravated assault – attempt to cause serious bodily injury, both of which focused upon Appellant's conduct toward Victim. ***See id***. at 6-7. A third aggravated assault charge addressed Appellant's conduct toward Theresa Root, an enumerated person under the statute. ***See id***. at 7. Appellant did not address his second claim in his brief to this Court. ***See*** Appellant's Brief at 17.

We have carefully reviewed the submissions of the parties, the certified record, and the opinion of the trial court. Based upon our review, we conclude that the trial court adequately and accurately addressed the issues raised and briefed on appeal. Accordingly, we adopt the trial court's opinion as our own. In all future filings regarding our disposition of this appeal, the parties are directed to include a copy of the trial court's opinion with their submissions.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

5/21/2025